UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBIN N. COOLEY, | *  CIVIL ACTION |
| | *  NO. |
| Plaintiff | * |
| VS. | *  SECTION "    " (    ) |
| | * |
| HOUSING AUTHORITY OF THE CITY | *  JUDGE |
| OF SLIDELL, | * |
| | *  MAGISTRATE |
| Defendant | * |

*********************************************

## COMPLAINT

The above-named plaintiff makes the following representations to this Court to obtain judicial relief under 42 U.S.C. § 1983 and supplemental jurisdiction, from actions taken under color of state law, which have terminated her assistance under the federal Housing Choice Voucher Program without due process of law.

### Introduction

1. The defendant sent Robin Cooley notice of an appointment to be recertified for participation in the federal Housing Choice Voucher program by certified mail. Ms. Cooley was temporarily staying away from her unit because her mother had died at the unit.

2. The defendant was aware that Ms. Cooley received no actual notice of the interview, in that the notice was sent by certified mail, and the defendant had not received any confirmation of delivery by the time of the appointment. Yet defendant terminated Ms. Cooley for missing the appointment, which she had no notice of.

3. Ms. Cooley appealed and the authority affirmed the termination because Ms. Cooley had not followed the procedures set out in the letter for rescheduling the interview in advance of its set time. Because Ms. Cooley had not received advance notice of the appointment, she also had not received the notice of the procedures for rescheduling it.

1

4.     Plaintiff Robin N. Cooley comes to this court seeking relief from the termination of the federal housing assistance she had been receiving.

### Parties, jurisdiction, and venue

5.     Plaintiff Robin N. Cooley is a person of the age of majority residing in St. Tammany Parish.  She has two children, ages 15 and 12.  She is currently a student at Nunez Community College, working toward completing an associate degree in Medical Billing and Coding.

6.     Until the events at issue she had been certified to receive rental assistance under the federal Housing Choice Voucher Program.

7.     Defendant Housing Authority of the City of Slidell is a political subdivision of the state of Louisiana established under LSA-R.S. 40:381 et. seq., that acquires, owns, and operates conventional public housing pursuant to the United States Housing Act of 1947 and issues rental assistance under the Housing Choice Voucher Program subsequently added to that Act, at 42 U.S.C. § 1437f.

8.     The actions of the Housing Authority in this matter have occurred under color of state law.

9.     The defendant is located in the Eastern District of Louisiana and the events at issue occurred in the District.

10.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1 & 2).

11.    As a direct result of defendant's terminating her assistance, the plaintiff lost her housing assistance and has suffered and will continue to suffer ongoing financial loss in the amount of the rental subsidy unless and until the assistance is reinstated.

12.    Based on the facts set out in this complaint, this court has jurisdiction to hear this case under 28 U.S.C. §§ 1331, 1343(a)(3), 2201, and 2202.

### *Programmatic background*

13. Federal law creates the Housing Choice Voucher Program, which gives rental assistance to participants, based on their incomes, partially or wholly subsidizing their rent, when they rent from private landlords who choose to participate in the program.

14. Participating landlords retain discretion as to whether to rent to any individual tenant, subject to public laws of general applicability prohibiting various forms of discrimination.

15. Once admitted to the program, a tenant's assistance can only be terminated based on specific causes, set out in federal regulations. 24 C.F.R. §§ 982.552 and 982.553.

16. Because assistance can only be terminated for cause, it qualifies as a property right, protected by due process of law.

17. Housing Choice Voucher program participants must be recertified annually, to confirm that they remain eligible for the program and to confirm that the amount of their rental assistance is correct based on their countable income.

18. HUD's Housing Choice Voucher Program Guidebook, Chapter 12, § 12.4 states that:

> The PHA [Public Housing Authority] should initiate reexamination procedures 90 to 120 days before the date reexamination results are to take effect. This allows the PHA ample time to obtain all required verifications and provide reasonable advance notice to both the family and the property owner of any change in the family share and HAP.

(HAP stands for Housing Assistance Payment, and is the rental subsidy paid by the program.)

19. The same secion of HUD's Housing Choice Voucher Program Guidebook, also states that:

> If the assisted family head of household does not respond to the reexamination notification, the PHA usually mails a second notice. The second notice is more forceful in nature. The notice reminds the family that the annual reexamination is a family obligation and that failure to complete a reexamination could result in termination from the program. The notice contains instructions on what the participant must do to comply. (Samples of both initial notice and second notice letters are provided in Appendix 12-1 and 12-2.)

### *Facts*

20. The defendant sent Robin Cooley notice of an appointment to be recertified for participation in the federal Housing Choice Voucher program by certified mail. Ms. Cooley was temporarily away from her unit due to the death of her mother, who had died at the unit.

21. The letter, dated April 9, 2012, set a recertification appointment on Tuesday April 17, 2012. The post office annotations show notice that there was certified mail to be picked up was left at Ms. Cooley's apartment on April 12, 2012 and April 16, 2012.

22. By the time of the April 17 appointment the defendant had not received any confirmation that the certified mail had been received. In fact, it had not been.

23. On picking up the letter, on Wednesday, April 18, 2012, Ms. Cooley went in to the Housing Authority and attempted to have an appointment or provide the information the letter requested. She showed Ms. Dempsey, a caseworker, her mother's death certificate. Ms. Dempsey told her to come back on Friday, which is a "walk-in" day.

24. As instructed, Ms. Cooley returned on Friday, and Ms. Dempsey said there was nothing she can do. A supervisor, Ms. Cox came out, and copied the program from the mother's funeral and said Ms. Cooley would get a hearing letter and everything would be okay.

4

25. The defendant sent a notice proposing to terminate her Housing Choice Voucher Program assistance to Ms. Cooley, dated April 24, 2012.

26. On information and belief, before issuing the notice, the defendant was aware that Ms. Cooley received no notice by the time of the interview, in that it would have received notice of when the certified mail had been picked up by Ms. Cooley, in addition to her having reported the circumstances twice.

27. Terminating Ms. Cooley's assistance for missing an appointment which defendant knew she had no notice of violates the due process dictates set out in *Jones v. Flowers*, 547 U.S. 220 (2006).

28. Yet defendant terminated Ms. Cooley for missing the appointment, which she had no notice of.

29. Ms. Cooley appealed. She appeared at the appeal hearing without representation.

30. The hearing decision upheld Ms. Cooley's termination on the following ground:

> Your appointment letter clearly stated in bold print that if you were unable to attend your appointment that it is your responsibility to contact your worker no later than 3 days from the date of the delivery of the letter to reschedule. The letter also stated that you would not received [sic] any other notice regarding your appointment and if your [sic] failed to show for your scheduled appointment it would be grounds to terminate you [sic] assistance.
>
> It was your responsibility to keep your scheduled appointment in order to continue your assistance or contact this office to reschedule. You have not demonstrated that you did not attend your appointment due to circumstances that were beyond your control. Your recertification appointment was scheduled three weeks after your mother passed which was ample time for you [to] receive your mail and/or to contact this office to discuss the possibility of rescheduling your appointment. Your decision not to pick up your

> mail immediately upon receiving notice from the post office that you had certified mail from the Housing Authority was your own personal decision. The post office made two attempts (12th and 16th) to delivery [sic] your appointment to your door via certified mail.
>
> It is currently the policy of this Authority to send one certified letter to schedule an appointment for annual recertification. This authority does not have the resources to schedule and send multiple appointments for you to re-certify for assistance.
>
> Therefore, the decision to terminate your assistance has been upheld.

31. Because Ms. Cooley had not received advance notice of the appointment, she also had not received advance notice of the procedures for rescheduling it.

32. Ms. Cooley's assistance was terminated due to missing an appointment of which Ms. Cooley had no notice. This terminated her property interest without due process of law.

33. While the decision claims that the defendant does not have the resources to schedule and set multiple recertification appointments, doing so would have required no more resources than conducting the hearing to affirm the denial of assistance.

34. The cost of setting second opportunities for recertification appointments, giving more advance notice of recertification appointments, or responding to instances where there was no actual notice of recertification appointments is de minims compared to value of the housing assistance at issue.

35. On information and belief the Interim director of the Housing Authority for the City of Slidell had been consulted about the proposed termination after Ms. Cooley reported having missed her recertification appointment and her desire to provide the recertification information, and before the termination notice was issued.

36. Federal policies do not require automatic termination from the program for missing the recertification appointment. Instead, federal law allows consideration of all the circumstances. This is true even as to much more serious offenses which may threaten the safety of other persons living nearby. 24 C.F.R. § 982.552(c)(2)(i).

### FIRST CAUSE OF ACTION:
**Denial of due process in terminating assistance based on a notice which defendant knew Ms. Cooley had not received.**

37. The allegations of the above paragraphs are incorporated herein as if fully set forth.

38. The 14th Amendment to the United States Constitution requires that citizens not be deprived of property without due process of law.

39. Due process requires pretermination notice before government action terminates property interests.

40. Defendant sent Ms. Cooley notice of her redetermination appointment by certified mail and had not received confirmation that she had received the notice by the time of the appointment.

41. Nonetheless, defendant terminated the assistance for failure to attend the appointment.

42. Defendant continued in this course even after being put on notice that Ms. Cooley had no actual notice.

43. On information and belief, defendant had evidence that the certified mail had not been received by the time of the recertification appointment, before it issued the letter proposing to terminate Ms. Cooley's assistance.

44. As a result, the pretermination procedures have deprived plaintiff of her property interest without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

45. 42 U.S.C. § 1983 provides plaintiff with a right of action to enforce the due process requirements of the Fourteenth Amendment.

## SECOND CAUSE OF ACTION:
**Arbitrary and capricious action in failing to consider whether the totality of the circumstances warrant termination.**

46. The allegations of the above paragraphs are incorporated herein as if fully set forth.

47. The program termination is unwarranted based on the totality of the record that was before the defendant at the informal hearing.

48. In addition to Ms. Cooley's lack of notice, she did in fact contact her worker no later than three days from the date of the delivery of the letter about her recertification appointment.

49. 24 C.F.R. § 982.555(a)(1) requires that: "a PHA must give a participant family an opportunity for an informal hearing to consider whether … PHA decisions relating to the individual circumstances of a participant family are in accordance with the law, HUD regulations and PHA policies."

50. The Court has jurisdiction to review whether the decision issued was arbitrary and capricious, under 28 U.S.C. § 1367(a).

## THIRD CAUSE OF ACTION:
**Violation of Federal Housing Act in lack of impartial decision maker.**

51.     The allegations of the above paragraphs are incorporated herein as if fully set forth.

52.     The informal hearing decision at issue was issued by Shelia Danzey, Interim Director of the Housing Authority for the City of Slidell.

53.     On information and belief, she was involved with the determination to terminate the plaintiff's assistance after she missed her recertification appointment and before the termination notice was issued.

54.     Many jurisdictions administering public housing and the Housing Choice Voucher Program are small jurisdictions, with even fewer participants than Slidell.

55.     The federal statute requires that the federal Secretary of Housing and Urban Development "shall by regulation require each public housing agency … establish and implement an administrative grievance procedure under which tenants will … be advised of the specific grounds of any proposed adverse public housing agency action [and] have an opportunity for a hearing **before an impartial party**…." 42 U.S.C. § 1437d(k)(1 & 2)(emphasis added).

56.     Implementing this provision, the federal housing regulations require that an impartial decision maker hear participants' appeals, "other than a person who made or approved the decision under review or a subordinate of this person." 24 C.F.R. § 982.555(e)(4)(i).

57.     There are ready means to comply with this requirement, even in small agencies, such as contracting with an individual or governmental entity outside the agency to hold and decide informal hearings.  For example, the staff of the municipality's office of legal counsel could take this role.

58. The state Division of Administrative Law can also enter contracts with housing authorities to conduct and decide hearings.

59. As a result, Ms. Danzey's hearing and deciding Ms, Cooley's informal hearing request denied her "an opportunity for a hearing before an impartial party" in violation of 42 U.S.C. § 1437d(k) and 24 C.F.R. § 982.555(e)(4)(i).

60. 42 U.S.C. § 1983 provides plaintiff with a right of action to enforce the hearing requirements of U.S.C. § 1437d(k) and 24 C.F.R. § 982.555(e)(4)(i).

### FOURTH CAUSE OF ACTION:
*Denial of due process in lack of impartial decision maker.*

61. The allegations of the above paragraphs are incorporated herein as if fully set forth.

62. The Fourteenth Amendment to the United States Constitution requires that citizens not be deprived of property without due process of law.

63. This requires the opportunity for a pretermination hearing before an impartial decision maker who has not participated in making the determination under review.

64. As set out above, on information and belief, the informal hearing was not conducted by such a neutral decision maker.

65. The defendant's establishing and abiding by procedures to have the predeprivation hearing heard by a decision maker who has not participated in formulating the termination decisions would prevent such denials of due process of law.

66. As a result, the pretermination procedures have deprived plaintiff of her property interest without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

67.     42 U.S.C. § 1983 provides plaintiff with a right of action to enforce the due process requirements of the Fourteenth Amendment.

### **RELIEF REQUESTED**

WHEREFORE, the plaintiff prays that the Court:

1) Allow her to proceed *in forma pauperis* in this matter;

2) Recognize its jurisdiction over the action;

3) On motion, grant a preliminary injunction ordering the defendant to reinstate plaintiff's rental assistance until there is a full and fair determination on the merits of this action;

4) Issue a declaratory judgment that the termination of assistance and informal hearing decision violate federal and state law;

5) After due proceedings, order plaintiff's Housing Choice Voucher rental assistance be reinstated;

6) Award plaintiff equitable restitution for the value of the rental assistance lost based on the illegal termination decision;

7) Award plaintiff's counsel, on prevailing, reasonable attorney's fees and costs, under 42 U.S.C. § 1988 and 28 U.S.C. § 1920; and

8) Grant such other relief as may be just and proper.

Respectfully submitted,

SOUTHEAST LOUISIANA LEGAL SERVICES

By:__/s/David Williams_____
David H. Williams, Bar No. 17867 (T.A.)
1010 Common Street, Suite 1400A
New Orleans, Louisiana  70112
Telephone: (504) 529-1063
dwilliams@slls.org
Fax: (504) 596-2241

Attorneys for Plaintiff